SHAWN N. ANDERSON
United States Attorney
Districts of Guam and the NMI
ROSETTA L. SAN NICOLAS
Assistant United States Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
PHONE: (671) 472-7332
FAX: (671) 472-7215

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 22-00011 |
|---|---|
| Plaintiff, | Amended |
| vs. | **PLEA AGREEMENT** |
| GAVIN DOMINGO ALIMURONG, | |
| Defendant. | |

Plaintiff, United States of America, by and through Shawn N. Anderson, United States Attorney for the Districts of Guam and the Northern Mariana Islands ("NMI"), and Rosetta L. San Nicolas, Assistant United States Attorney for the Districts of Guam and the NMI, and Defendant GAVIN DOMINGO ALIMURONG and the Defendant's counsel, Joseph C. Razzano, agree to the following Plea Agreement:

1. <u>Guilty Plea and Maximum Statutory Penalties</u>:

The Defendant, GAVIN DOMINGO ALIMURONG agrees to plead guilty to Count 1 of the Indictment filed on July 20, 2022, charging the Defendant with Conspiracy to Distribute Fifty or More Grams of Methamphetamine Hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) and 846.

PLEA AGREEMENT         1

The Defendant, GAVIN DOMINGO ALIMURONG understands that Conspiracy to Distribute Fifty or More Grams of Methamphetamine Hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) and 846, as contained in Count 1 of the Indictment is a Class A felony which carries a mandatory penalty of not less than 10 years or more than life imprisonment; a fine not to exceed $10,000,000.00; at least a 5-year term of supervised release; and a $100.00 special penalty assessment.

Defendant agrees to pay the special assessment at or before sentencing.

The Defendant, GAVIN DOMINGO ALIMURONG understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

2. Denial of Federal Benefits

The Defendant understands that by entering this plea of guilty the Defendant is no longer eligible for assistance under any state program funded under part A of title IV of the Social Security Act (concerning Temporary Assistance for Needy Families) or benefits under the food stamp program or any state program carried out under the Food Stamp Act. 21 U.S.C. § 862a. Further, the Court may deny the Defendant's eligibility to any grant, contract, loan, professional license, or commercial license provided by an agency of the United States or by appropriate funds of the United States. 21 U.S.C. § 862.

3. The Court's Role in Plea and Sentencing Procedure:

The Court is not a party to this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. The Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by the Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office;

PLEA AGREEMENT 2

and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement.

The Defendant acknowledges that no promises of any type have been made to the Defendant with respect to the sentence the Court will impose in this matter. The Defendant understands that the Court is required to consider the applicable sentencing guideline range, but may depart upward or downward under the appropriate circumstances.

The Defendant also understands that should the sentencing judge decide not to accept any of the parties' recommendations, that decision is not a basis for withdrawing from this Plea Agreement or a basis for withdrawing this plea of guilty.

The Defendant understands that the Court shall accept the Defendant's unconditional guilty plea as long as it meets the requirements of Fed. R. Crim. P. 11(b). The Court will therefore conduct a limited inquiry to determine whether the Defendant's plea is knowing, voluntary and intelligent, and has a sufficient factual basis.

4. <u>Waiver of Constitutional Rights</u>:

The Defendant, GAVIN DOMINGO ALIMURONG understands that by entering this plea of guilty the Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

    (a)    The right to a jury trial, and to be represented at trial and every other stage of the proceedings;

    (b)    The right to see, hear and question and cross-examine the adverse witnesses;

    (c)    The right to remain silent at trial with such silence not being used against the defendant in any way;

    (d)    The right to testify at trial and present evidence; and

    (e)    The right to compel witnesses to testify; and

PLEA AGREEMENT     3

(f)  The right to plead not guilty and to persist with that plea.

While the Defendant is waiving certain constitutional rights, the Defendant understands that he retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if the Defendant cannot afford to hire an attorney. The Defendant also acknowledges that any pretrial motions currently pending before the Court are waived.

5.  Elements of the Offense:

The United States and the Defendant agree that in order to convict the Defendant of Conspiracy to Distribute Fifty or More Grams of Methamphetamine Hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) and 846, the United States would have to prove beyond a reasonable doubt the following elements:

(a)  First, beginning on or about July 1, 2019, and continuing until on or about July 9, 2022, there was an agreement between two or more persons to distribute fifty or more grams of methamphetamine hydrochloride; and

(b)  Second, the defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

6.  Factual Basis and Statement of Facts:

The United States and the Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for GAVIN DOMINGO ALIMURONG's guilty plea.

The Defendant was born on 1998 and is a citizen of the United States.

Beginning on or about July 1, 2019, and continuing until on or about July 9, 2022, there was an agreement between GAVIN DOMINGO ALIMURONG ("ALIMURONG"), Ryan Ereno aka "Dragon" ("Ereno"), Mingeun Kim ("Kim"), Eric Canoves ("Canoves") and other unknown

PLEA AGREEMENT                                      4

persons to distribute methamphetamine hydrochloride on Guam.

Between July 1, 2019 and July 9, 2022, Ereno introduced ALIMURONG to an online seller of drugs known only as "SBR667" or "FBUSA." ALIMURONG used the Wickr instant messenger application and ordered methamphetamine hydrochloride, cocaine, and ecstasy from "SBR667" or "FBUSA." ALIMURONG converted U.S. currency into Bitcoin using Western Union. ALIMURONG sent Bitcoin as payment. The drugs were then mailed to Guam via the U.S. Postal system. The drug packages were received by Canoves at a post office box. Canoves delivered the drugs to ALIMURONG to be sold and distributed.

On December 21, 2021, Guam Police Department investigated a domestic violence incident involving ALIMURONG. Search of ALIMURONG'S residence, 171 West Cueto Avenue, Dededo, Guam, and his vehicle, a 2019 Black Lexus RC 350 F-Sport, Guam License Plate No. SJ 5583, VIN No. JTHHZ5BC8K5020594, revealed 594 net grams of methamphetamine hydrochloride with a 96% purity level and 401 net grams of cocaine. Law enforcement seized Oxycodone, Alprazolam and amphetamine pills, glass pipes, a money counter, postal stamp printer, pill crusher, digital scale, and plastic clear zip top bags. Law enforcement seized luxury bags and jewelry, specifically: silver Cartier bracelet SN#JCK635; silver Cartier bracelet SN#NUD659; silver Cartier ring SN#APW582; gold ring affixed with 26 diamonds; silver ring affixed with 22 diamonds; silver ring affixed with nine diamonds; silver ring affixed with seven diamonds; silver ring affixed with 39 diamonds; silver ring affixed with 44 diamonds; gold ring affixed with nine diamonds; Gucci GG Supreme Backpack; Givenchy Textile Urban Backpack; Goyard Senat GM Document Case; Gucci Zaino GG Supreme Backpack; Gucci Ophidia GG Small Messenger Bag; Gucci Off The Grid Pouch; Louis Vuitton Discovery Backpack PM; Louis Vuitton Pochette Voyage MM; Louis Vuitton Brazza Wallet; and a Louis Vuitton Keepall Bandouliere 55. Law enforcement also seized a Beretta pistol, model 21A-22LR, .22 caliber, serial

PLEA AGREEMENT 5

number BBS58903U, fifty-one (51) rounds of .22 caliber ammunition, and $93,124.25 in U.S. currency. These items were purchased with the illegal proceeds from the sale of drugs.

A 2020 Black Ford Mustang GT500, Guam License Plate No. TO167, VIN No. 1FA6P8SJ1L5501146, and a 2020 Gray Toyota Tacoma 4x4 DoubleCab Pickup, Guam License Plate No. AT 6334, VIN No. 5TFCZ5ANXLX221773, were located at ALIMURONG'S residence. Another vehicle, a 2015 White Ford Mustang Coupe, Guam License Plate No. OR2506, VIN No. 1FA6P8TH7F5327650, was located on July 13, 2022, in Ereno's possession. Each of the four vehicles are registered to Defendant ALIMURONG, have no lienholders, and were purchased using the proceeds of the drug sales. ALIMURONG later admitted that he paid between $52,000-$56,000 for the Toyota Tacoma, that he purchased the black Mustang for $100,000 using a $40,000 cashier's check and $60,000 in cash, and that he purchased the white Mustang for $20,000. These purchases of these vehicles were made using the proceeds of the distribution of the drugs.

On December 22, 2021, ALIMURONG was interviewed by law enforcement. ALIMURONG admitted that the methamphetamine hydrochloride and cocaine found in the 2019 Lexus RC 350 F-Sport, Black, Guam License Plate No. SJ 5583 were his, that he obtained the drugs from Kim, and the drugs include methamphetamine hydrochloride, cocaine, Adderall, and Percocet. ALIMURONG admitted during the interview that the $93,124.25 was the illegal proceeds from the sale of drugs. ALIMURONG admitted that he sells methamphetamine for $2,000-$3,000 per ounce, a pound of methamphetamine for $25,000, and cocaine for $2,500-$5,000 per ounce. ALIMURONG admitted that he obtained the Beretta pistol from Ereno in the early part of December, 2021. ALIMURONG admitted that the drug packages were received by Canoves and that Canoves brought the contents (drugs) to him. ALIMURONG admitted that he has provided ounces of methamphetamine hydrochloride to Kim, who sells the drug and returns

PLEA AGREEMENT 6

$1,500 to him (ALIMURONG). ALIMURONG admitted that he has provided cocaine to Ereno, who sells the drug for $4,500 per ounce, and that Justin Gamot ("Gamot") purchased an ounce of cocaine.

Western Union Money Remitter Services corroborate that ALIMURONG has sent approximately $103,165.00 to individuals in China, Vietnam, Bolivia, Colombia, Laos and the United States on several dates beginning on August 10, 2019 through July 2021.

On July 11, 2022, search of a storage locker at AAA Mini Storage revealed an additional $257,040.00 in U.S. currency, the proceeds of the illegal sales of drugs.

Beginning on or about July 1, 2019, and continuing until on or about July 9, 2022, there was an agreement between GAVIN DOMINGO ALIMURONG, Ereno, Kim, and Canoves and other unknown persons to distribute methamphetamine hydrochloride on Guam. ALIMURONG joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

This statement of facts is made for the limited purpose of supporting the Defendant's guilty plea. It therefore does not contain all facts relating to the underlying criminal conduct. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

7. <u>Waiver of Inadmissibility of Statements</u>:

The Defendant agrees to waive the inadmissibility of statements made in the course of plea discussions with the United States, pursuant to Fed. R. Crim. P. 11(f). This waiver shall apply if the Defendant withdraws this guilty plea or breaches this Plea Agreement. The Defendant acknowledges that any statements made by the Defendant to law enforcement agents in the course of plea discussions in this case would be admissible against the Defendant in the United States's case-in-chief if the Defendant were to withdraw or breach this Plea Agreement.

PLEA AGREEMENT 7

Case 1:22-cr-00011 Document 25 Filed 09/29/22 Page 7 of 20

8. <u>The United States Agrees:</u>

   (a) <u>Dismissal:</u>

   At the time of sentencing, the United States agrees to move to dismiss Count 2 of the Indictment which charges the Defendant with Possession of Cocaine with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

   (b) <u>Not to File Additional Charges:</u>

   The United States Attorney's Office for the Districts of Guam and the NMI agrees not to bring any additional charges for any other non-violent offenses against the Defendant based upon information in its possession at the time of this Plea Agreement arising out of Defendant's conduct involving illegal activity as charged in this Indictment unless the Defendant breaches this Plea Agreement any time before or after sentencing.

9. <u>United States Sentencing Guideline Calculations:</u>

   The Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "U.S.S.G.") are applicable to this case and that the Court will determine the Defendant's applicable sentencing guideline range at the time of sentencing. In determining a sentence, the Court is obligated to consider that range, possible departures or variances under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a).

   (a) <u>Base Offense Level:</u>

   The United States and the Defendant agree that the base offense level for Conspiracy to Distribute Fifty or More Grams of Methamphetamine Hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) and 846 is Level 32. *See* U.S.S.G. § 2D1.1(a)(5)(c)(4).

   (b) <u>Role in the Offense:</u>

   Because of the Defendant's role in the offense, as an organizer, leader, manager or supervisor, the Defendant's base offense should be increased by two (+2) levels. *See* U.S.S.G. §

PLEA AGREEMENT 8

3B1.1(c).

10. <u>Acceptance of Responsibility</u>:

If the Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; accepts this Plea Agreement; and enters a plea of guilty no later than **September 23, 2022**, the United States will move for a three (3) level downward adjustment for the Defendant's timely acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a) and (b).

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, not recommend a three (3) level downward reduction for acceptance of responsibility if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

Furthermore, the Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the District of Guam, at or before sentencing, and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment, as a condition to this recommendation by the United States.

Therefore, the United States and the Defendant agree that the Defendant's final adjusted offense level for Conspiracy to Distribute Fifty or More Grams of Methamphetamine Hydrochloride would be 31.

11. <u>Criminal History</u>:

The United States and the Defendant understand that the Defendant's criminal history computation is tentative and that ultimately the Defendant's criminal history category will be determined by the Court after review of the Presentence Investigative Report. The United States

PLEA AGREEMENT               9

and the Defendant have made no agreement and make no representations as to the criminal history category, which shall be determined after the Presentence Investigative Report is completed.

12. <u>Departures</u>:

The Defendant and the United States understand and acknowledge that, at sentencing, they are free to make whatever sentencing recommendations for whatever reasons they deem are appropriate. That is, the United States and the Defendant are free to seek an upward or a downward departure from the applicable sentencing guideline range.

13. <u>Substantial Assistance</u>

The United States also agrees to furnish the Defendant an opportunity to provide "substantial assistance," that is, information and assistance in the investigation and prosecution of others. The Defendant agrees to meet with federal and state law enforcement agents in an attempt to assist them in obtaining information that would form the basis of a motion for correction or reduction of sentence to be filed pursuant to U.S.S.G. § 5K1.1. The Defendant understands that whether any such information amounts to substantial assistance is a determination left to the United States Attorney's Office.

    a. The Defendant must provide information and assistance in the federal or state investigation and prosecution of others who have the same as or greater involvement than the Defendant's involvement in violations of the law.

    b. The Defendant understands and agrees to participate in full debriefings by federal and local investigative agencies about the Defendant's knowledge of illegal conduct, at times and places to be decided by these agencies. The Defendant agrees to provide complete, accurate, and truthful information during the debriefings. Such debriefings may involve the use of a polygraph, if requested by the agencies. It is understood that the Defendant may have an attorney present at the debriefings. The Defendant also agrees to participate in any future court proceeding involving

any named or unnamed coconspirators and any other persons involved in criminal activity, by testifying completely and truthfully. Such court proceedings include grand jury proceedings, trials, and sentencing hearings.

    c.    The Defendant agrees that the United States may, at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if the Defendant fails to provide truthful, complete and honest information during debriefings, testimony before the grand jury, or any court proceedings, or if the Defendant fails a polygraph examination. The determination whether the Defendant has failed a polygraph examination shall be made by the Court.

    d.    The Defendant understands this agreement does not protect him from prosecution for perjury, obstruction of justice, or any other offense should the Defendant commit any crime during the Defendant's cooperation under this agreement. The United States agrees not to prosecute defendant for any other non-violent offenses which were committed in the Districts of Guam or the Northern Mariana Islands which defendant reveals to Federal authorities during his cooperation with the United States.

    e.    The Defendant understands further that if the United States determines that the Defendant has provided "substantial assistance" and a motion is made pursuant to U.S.S.G. § 5K1.1, the Court will be free to impose any sentence, even one below the applicable Guidelines sentencing range. Furthermore, if a motion is also made pursuant to 18 U.S.C. § 3553(e), the Court will be free to impose a sentence below any statutory minimum. If a "substantial assistance" motion is filed, both the United States and the Defendant will be free to make a specific recommendation with respect to any correction or reduction of sentence. It is understood that the United States will inform the sentencing judge about the timing and extent of the Defendant's cooperation.

f. The Defendant understands that, if the United States files a motion indicating the Defendant has provided "substantial assistance," the appropriate reduction shall be determined by the Court for reasons including consideration of the following: (1) the Court's evaluation of the significance and usefulness of the Defendant's assistance, taking into consideration the United States' evaluation of the assistance rendered; (2) the truthfulness, completeness, and reliability of any information or testimony provided by the Defendant; (3) the nature and extent of the Defendant's assistance; (4) any injury suffered, or any danger or risk of injury to the Defendant or the Defendant's family resulting from the Defendant's assistance; and (5) the timeliness of the Defendant's assistance. *See* U.S.S.G. § 5K1.1(a)(1)-(5).

14. Incarceration:

(a) Length of Imprisonment:

The United States and the Defendant agree to recommend that the Court impose a sentence within the applicable sentencing guideline range.

(b) Bureau of Prison Recommendations:

The United States Attorney's Office for the Districts of Guam and the NMI acknowledges that the Defendant intends to request the Court to write a letter to the United States Bureau of Prisons recommending that the Defendant be allowed to serve the sentence at a specific institution. The Defendant understands that any decision concerning the Defendant's place of incarceration is within the exclusive province of the Bureau of Prisons.

15. Criminal Fine:

The United States and the Defendant are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate.

16. Supervised Release:

The United States and the Defendant agree to recommend that the Court impose a five-

PLEA AGREEMENT 12

year term of supervised release to include the following special conditions, in addition to the standard conditions of supervised release: (1) that the Defendant participate and complete such drug testing and drug treatment programs as the Probation Officer directs; (2) that the Defendant complete mental health evaluations and treatment, including taking medications prescribed by the treatment provider. The Defendant shall allow reciprocal release of information between the Probation Officer and the treatment provider. The Defendant shall contribute to the cost of treatment according to the Defendant's ability; (3) that the Defendant's person, residence, office, vehicle, and belongings are subject to search at the direction of the Probation Officer; (4) that the Defendant provide financial information, provide copies of Federal income tax returns and allow credit checks, at the direction of the Probation Officer; (5) that the Defendant shall disclose all assets and liabilities to the Probation Officer and shall not transfer, sell, give away, or otherwise convey or secret any asset, without the advance approval of the Probation Officer; and (6) that the Defendant be prohibited from incurring any new debt, opening new lines of credit, or enter any financial contracts or obligations without the prior approval of the Probation Officer; and (7) that the Defendant participate and complete financial counseling and life skills programs at the direction of the Probation Officer.

17. <u>Mandatory Special Penalty Assessment</u>:

The Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the District of Guam, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

18. <u>Payments While Incarcerated</u>:

If the Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, the Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

PLEA AGREEMENT 13

19. Forfeiture:

The Defendant agrees to forfeit, pursuant to 21 U.S.C. § 853, all interests in any drug-related asset that the Defendant currently owns, has previously owned or over which the Defendant currently, or has in the past, exercised control, directly or indirectly, and any property the Defendant has transferred, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of his offense set forth in Count 1, including but not limited to the following specific property:

**VEHICLES:**

a. 2015 White Ford Mustang Coupe, Guam License Plate No. OR2506, VIN No. 1FA6P8TH7F5327650;
b. 2019 Black Lexus RC 350 F-Sport, Guam License Plate No. SJ 5583, VIN No. JTHHZ5BC8K5020594;
c. 2020 Black Ford Mustang GT500, Guam License Plate No. TO167, VIN No. 1FA6P8SJ1L5501146; and
d. 2020 Gray Toyota Tacoma 4X4 DoubleCab Pickup, Guam License Plate No. AT 6334, VIN No. 5TFCZ5ANXLX221773.

**FIREARM AND AMMUNITION:**

a. One (1) Beretta pistol, model 21A-22LR, .22 caliber, serial number BBS58903U; and
b. Fifty-One (51) rounds of .22 caliber ammunition.

**PERSONAL PROPERTY:**

a. Silver Cartier Bracelet SN#JCK635;
b. Silver Cartier Bracelet SN#NUD659;
c. Silver Cartier Ring SN#APW582;
d. Gold Ring affixed with Twenty-Six Diamonds;
e. Silver Ring affixed with Twenty-Two Diamonds;
f. Silver Ring affixed with Nine Diamonds;
g. Silver Ring affixed with Seven Diamonds;
h. Silver Ring affixed with Thirty-Nine Diamonds;
i. Silver Ring affixed with Forty-Four Diamonds;
j. Gold Ring affixed with Nine Diamonds;
k. Gucci GG Supreme Backpack;
l. Givenchy Textile Urban Backpack;
m. Goyard Senat GM Document Case;
n. Gucci Zaino GG Supreme Backpack;
o. Gucci Ophidia GG Small Messenger Bag;
p. Gucci Off The Grid Pouch;

PLEA AGREEMENT 14

    q. Louis Vuitton Discovery Backpack PM;
    r. Louis Vuitton Pochette Voyage MM;
    s. Louis Vuitton Brazza Wallet; and
    t. Louis Vuitton Keepall Bandouliere 55.

**U.S. CURRENCY:**

    a. Approximately $93,124.25 in U.S. Currency seized from the Defendant on or about December 22, 2021; and
    b. Approximately $257,040.00 in U.S. Currency seized from the Defendant on or about July 11, 2022.

(Vehicles, Firearm and Ammunition, Personal Property and the U.S. Currency collectively referred to as "properties").

Defendant warrants that he is the sole owner of all of the properties listed above, and agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure, forfeiture, and disposal of property covered by this agreement.

The Defendant stipulates and agrees that the conduct described in the Factual Basis contained herein provides a basis for forfeiture of the above listed properties. Defendant further agrees to waive all interest in any such properties in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The Defendant agrees to consent to the entry of orders of forfeiture for such properties and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to the provisions of Fed. R. Crim. P. 32.2(b)(1), the United States and the Defendant agree to request that promptly after accepting this Plea Agreement, the Court make a determination that the government has established that the properties constitutes proceeds traceable to, or property involved in or facilitated or was used to commit, a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) and 846, and enter an order of forfeiture. Pursuant to Rule 32.2(b)(4), the Defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and

PLEA AGREEMENT      15

will be final as to the Defendant at the time it is entered.

Defendant acknowledges that he understands that the forfeiture of properties is part of the sentence that will be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

The Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excess fine or punishment. Without limitation, Defendant understands and agrees that by virtue of his plea of guilty Defendant will waive any rights or cause of action that Defendant might otherwise have had to claim that he is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related civil forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

The Defendant further agrees to take all steps as requested by the United States to pass clear title to forfeitable properties to the United States, and to testify truthfully in any judicial forfeiture proceeding. The Defendant acknowledges that all property covered by this agreement is subject to forfeiture as either property facilitating illegal conduct or proceeds involved in the illegal conduct giving rise to forfeiture.

The Defendant understands that the United States reserves the right to seek additional forfeiture, including but not limited to additional sums of money or property that are proceeds traceable to, constitute, or are derived from proceeds traceable to a violation of the offense of conviction, of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) and 846. Defendant understands that pursuant to Fed. R. Crim. P. 32.2(b)(2)(C) and Rule 32.2(e)(1), if the court cannot identify all of the specific properties subject to forfeiture, or calculate the amount of the money judgment, before sentencing, it may enter an order that describes the property in general terms.

PLEA AGREEMENT 16

The Defendant agrees that the United States shall, at its option, be entitled to the forfeiture of any property (substitute assets) of the Defendant up to the value of any money judgment. The court shall retain jurisdiction to settle any disputes arising from application of this clause. The Defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of Defendant's sentence.

The Defendant agrees to take all steps necessary to identify and locate all substitute assets and to transfer custody of such assets to the United States before the Defendant's sentencing. The Defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets. The Defendant further agrees that Fed. R. Crim. P. 11 and U.S.S.G. § 1B1.8 will not protect from forfeiture assets disclosed by the Defendant as part of his cooperation.

The Defendant agrees to take all steps necessary to assist the government in obtaining clear title to any substitute assets before the Defendant's sentencing. In addition to providing full and complete information about substitute assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers. Forfeiture of the Defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the Defendant in addition to forfeiture.

20. <u>Financial Disclosure Obligations</u>:

Defendant agrees to submit to the United States Attorney's Office for the Districts of Guam and the NMI, within three weeks of the execution of this Plea Agreement, a complete, accurate and truthful financial statement and accompanying releases, in a form it provides and as it directs. Defendant agrees to disclose all assets in which he has any interest or over which he exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. Defendant authorizes the United States Attorney's Office for the Districts of Guam and the NMI

PLEA AGREEMENT 17

to obtain a credit report on him to evaluate his ability to satisfy any financial obligation imposed by the Court.

Defendant understands and agrees that any monetary penalties imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States, pursuant to 18 U.S.C. § 3613. Defendant understands that, by law, interest accrues on any remaining balance of the debt. Defendant agrees not to dissipate assets. If Defendant is financially unable to immediately pay any monetary penalties in full, Defendant agrees: (a) to cooperate with the United States Attorney's Office; (b) to provide updated financial statements upon request by the United States Attorney's Office and to keep the office advised about Defendant's current address; and (c) for his debt to be placed on the Treasury Offset Program and any tax refund/rebate offset program existing in his state of residency. Defendant understands that any funds captured by an offset program will be paid towards his monetary penalties, but does not relieve him of his obligation to pay the monetary penalties in full.

21. <u>Additional Violations of Law Can Void Plea Agreement</u>:

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

22. <u>Appeal Rights</u>:

Defendant understands that he has a limited right to appeal or challenge the conviction and sentence imposed by the Court. Defendant hereby expressly waives his right to appeal his conviction, including any restitution order. Defendant further expressly waives his right to file any post-conviction motion attacking his conviction, including a motion pursuant to 28 U.S.C. §

PLEA AGREEMENT 18

2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

23. Integration Clause:

The United States and the Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and the Defendant, and no other promises, agreements, or conditions exist between the United States and the Defendant concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Districts of Guam and the NMI, and cannot bind other federal, state or local authorities. The United States and the Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and the Defendant.

## Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Districts of Guam and the NMI.

Shawn N. Anderson
United States Attorney

_____            9/15/2022
ROSETTA L. SAN NICOLAS                            Date
Assistant U.S. Attorney

//
//
//
//
//
//

PLEA AGREEMENT                19

| | |
|---|---|
| 1 | I have read this Plea Agreement and have carefully reviewed and discussed every part of |
| 2 | the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. |
| 3 | Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I |
| 4 | am satisfied with the representation of my attorney in this case. No other promises or inducements |
| 5 | have been made to me, other than those contained in this Plea Agreement and no one has threatened |
| 6 | or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because |
| 7 | I am guilty. |

_____    9/15/22
GAVIN DOMINGO ALIMURONG    Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties.

_____    9/15/22
JOSEPH C. RAZZANO    Date
Attorney for the Defendant

PLEA AGREEMENT    20